**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4828

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL WARREN SIMMONS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (2:05-cr-01190-PMD)

Submitted:  February 13, 2008        Decided:  March 18, 2008

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Falkner Wilkes, Greenville, South Carolina, for Appellant. Alston Calhoun Badger, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Warren Simmons appeals his jury convictions and sentence for possession with the intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 841(b)(1)(D) (2000); use of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(I) (2000); and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e)(1) (2000). Simmons' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal. Simmons filed a pro se supplemental brief asserting issues concerning the search warrant, chain of custody, jury voir dire, jury instructions, prosecutorial misconduct, judicial misconduct, and ineffective assistance of counsel. Finding no reversible error, we affirm.

After observing informant Larry Wilson's controlled purchase of marijuana from Simmons, police officers obtained and executed a search warrant on Simmons' home. Simmons, having been advised of his Miranda rights, directed the officers to his kitchen and bedroom closet, where they found marijuana, cocaine, drug paraphernalia, and a pistol. Simmons admitted the items were his.

Simmons claims that the district court erred in refusing to compel Wilson's appearance at trial. We find no error. The district court denied Simmons' request for a subpoena only because

the court had no information of where Wilson could be found. Simmons does not suggest, given the district court's lack of knowledge of Wilson's whereabouts, what the court could have done differently, and Simmons never requested a continuance, nor does he argue now that the district court should have granted one.

Simmons next claims the court erred when it designated him an armed career criminal. A defendant convicted of violating § 924(g) qualifies as an armed career criminal under 18 U.S.C. § 924(e) if he has three prior convictions for a violent felony. The definition of "violent felony" includes any felony that is burglary. 18 U.S.C. § 924(e)(2)(B) (2000). Between 2001 and 2003, Simmons was convicted of three separate burglaries in South Carolina. While Simmons attempts to distinguish one of his prior convictions because it involved the burglary of a residence under construction, the Supreme Court has held that "a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990). The district court therefore did not err in classifying Simmons as an armed career criminal.

In his pro se brief, Simmons asserts multiple claims, none of which were raised before the trial court. Issues raised

- 3 -

for the first time on appeal are reviewed for plain error. See United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). To establish plain error, Simmons must show error occurred, that it was plain, and that it affected his substantial rights. Id.

Simmons initially claims there was no search warrant at the time of the search and that the police officers created a false document at a later date. Police officer Todd Hurteau testified that officers immediately took the surveillance evidence from the controlled buy to a magistrate judge, who reviewed the evidence and then approved the search warrant. There is no evidence that the officers did not have a search warrant, nor is there any evidence that the officers falsified the search warrant. Thus, Simmons failed to establish plain error in this respect.

Simmons next claims that the evidence at his trial was tainted because numerous people had handled the evidence and that it could have come from anywhere. The officers who seized the evidence testified that the exhibits admitted were the items found at Simmons' residence. Simmons' unsupported speculation does not demonstrate error, let alone plain error. The evidence was properly submitted and there is no plain error in the chain of custody.

Third, Simmons claims the court misdescribed the elements and evidence to the jury in the jury instructions. The district court's instructions will be upheld "provided the instructions,

taken as a whole, adequately state the controlling law." <u>Teague v. Bakker</u>, 35 F.3d 978, 985 (4th Cir. 1994). As evidenced by the final verdict form, the jury knew the exact elements of the crimes. Simmons also claims that the jury instructions did not properly inform the jury about informant Wilson and his criminal history, but jury instructions are intended to state the law and not the evidence. Thus, there is no plain error in the court's jury instructions.

Fourth, Simmons asserts the evidence was insufficient to convict him of the firearm charges. Simmons told police officers there was a gun in the bedroom, and after the officers found it in a heating duct, he admitted it was his. He now argues the gun could have been in the bedroom duct for years, but provides no support for his argument. Viewing the evidence in the light most favorable to the Government, it is sufficient to prove Simmons possessed the gun. See <u>United States v. Smith</u>, 451 F.3d 209, 216 (4th Cir. 2006).

Fifth, Simmons claims that the government attorney made improper statements during opening and closing arguments. To prevail on a claim of prosecutorial misconduct, a defendant must show the Government's remarks and conduct were improper and they affected his substantial rights so as to deprive him of a fair trial. <u>United States v. Golding</u>, 168 F.3d 700, 702 (4th Cir. 1999). However, the improper statements Simmons refers to are

simply the government attorney's summary of the evidence that the Government intended to prove. Simmons has failed to prove that the statements were improper or deprived him of a fair trial.

Sixth, Simmons claims the district court erred by not asking the jury to determine if any juror knew police officer Mackey. During the trial, the Government alerted the court that one of the jurors had been seen embracing Mackey in the court hallway. The district judge informed the attorneys that because it was unclear which juror was involved the entire jury would have to be questioned. As a result, Simmons' counsel abandoned the issue. Therefore, the district court committed no error in this regard.

Seventh, Simmons claims the district court erred during voir dire by not asking potential jurors if they either knew Mackey or other law enforcement officers or had been exposed to pretrial publicity. "The district court enjoys broad discretion in deciding the questions to ask venire members during voir dire," and "it is a rare case in which a reviewing court will find error in the trial court's conduct of voir dire." Sasaki v. Class, 92 F.3d 232, 238-39 (4th Cir. 1996). After reviewing the record, we find no error in the trial court's conduct of voir dire.

Eighth, Simmons claims that he did not receive a fair trial because the district judge should have disqualified himself. Simmons claims the district judge was not impartial, but only points to instances where the district court ruled against his

motions.  Without any evidence of any bias or prejudice, Simmons cannot establish any judicial misconduct.

Simmons finally claims his counsel was ineffective due to a conflict of interest because counsel helped the police.  Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance.  United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).  Our review of the record reveals that Simmons has failed to meet the high burden necessary to raise ineffective assistance of counsel on direct appeal.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal.  Accordingly, we affirm the judgment of the district court.  We deny counsel's motion to withdraw.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may at that time move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED